**[J-29-2020][M.O. - Baer, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| S.B. | : | No. 39 WAP 2019 |
| | : | |
| | : | Appeal from the Order of the Superior |
| | : | Court entered 12/24/18 at No. 753 |
| v. | : | WDA 2018, affirming the Order of the |
| | : | Court of Common Pleas of Allegheny |
| | : | County entered 4/27/18 at No. FD-15- |
| S.S. | : | 008183-10 |
| | : | |
| APPEAL OF: S.S., RICHARD DUCOTE, | : | |
| ESQUIRE, AND VICTORIA MCINTYRE, | : | |
| ESQUIRE | : | ARGUED: May 27, 2020 |


### *CONCURRING OPINION*


**CHIEF JUSTICE SAYLOR**                    **DECIDED: DECEMBER 22, 2020**


I join the majority opinion subject to the understanding that the common pleas court's order does not restrict private speech about the underlying custody dispute. This is evidently the view taken by the majority, as it reads the order as stating that Appellants "may not speak publicly about the custody matter in a manner that will disclose Child's identity" or encourage others "to communicate or speak publicly about the case." Majority Opinion, *slip op.* at 31-32. I write to highlight this aspect of the decision because it seems to me that the order's prohibition, being phrased in the disjunctive, could potentially be interpreted as regulating private speech. In the context of the order as a whole, I agree with the majority's understanding that private speech was not meant to be restricted.

Justice Dougherty joins this concurring opinion.